UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MARCIA ENNIS,

   Plaintiff,

v.

GUARD FORCE INTERNATIONAL, INC.,

   Defendant.

_____/

## **COMPLAINT**

  Plaintiff Marcia Ennis ("Ennis") sues Defendant Guard Force International, Inc. ("GFI"), and alleges the following:

## **JURISDICTION**

  1. This is an action for damages in excess of $75,000, exclusive of interest, attorneys' fees, and costs, and injunctive and declaratory relief.

  2. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Ms. Ennis's claim under the Americans with Disabilities Act, 42 U.S.C. 12101, et seq. (the "ADA").  In addition, pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over Ms. Ennis's claim under the Florida Civil Rights Act, Fla. Stat. § 760.01, et seq. (the "FCRA"), in that it involves citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  Specifically, GFI is a citizen of Delaware and Texas, and Ms. Ennis is a citizen of Florida.  This Court has authority to grant injunctive and declaratory relief pursuant to the ADA, the FCRA, and/or the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

3.      This Court has personal jurisdiction because, among other things, GFI has operated, conducted, engaged in, or carried on a business or business venture in Florida, and GFI has engaged in substantial and not isolated activity within Florida.

4.      Pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 89(c), venue is proper in this Court because GFI operates in Florida, GFI operates in the Southern District of Florida, and a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Florida.  The Miami Division is the proper division within the Southern District of Florida for this action.

**PARTIES**

5.      Ms. Ennis is a resident of the state of Florida.  Ms. Ennis falls under the protection of the ADA and the FCRA because she has a disability as defined by the ADA and a handicap as defined by the FCRA.  Ms. Ennis is a person as defined by the FCRA and ADA and an employee as defined by the ADA.

6.      GFI is a Delaware corporation with its principle place of business in Round Rock, Texas.  According to GFI's website, GFI provides security solutions, including armed and unarmed physical security, perimeter monitoring and patrol, alarm monitoring and dispatch services, and point of entry screening.  GFI was and is an employer as defined by the ADA and the FCRA.

**CONDITIONS PRECEDENT**

7.      On or about January 6, 2022, Ms. Ennis dual-filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Rights ("FCHR") alleging disability discrimination and retaliation.

8.      The EEOC issued a Determination and Notice of Rights, which was dated September 13 2022.

9.      Ms. Ennis has filed this action within ninety days of receipt of the EEOC's Notice of Right to Sue.

10.     All conditions precedent have occurred or been performed.

### GENERAL ALLEGATIONS

11.     Ms. Ennis suffers from what the ADA calls a disability and what the FCRA calls a handicap.  Ms. Ennis suffers from arthritis, which is a physical disability/handicap involving flare ups of pain and swelling in the joints.

12.     Ms. Ennis's arthritis impacts what the law calls a "major life activity."  The activities impacted include and are not limited to performing manual tasks (for example, lifting, lowering, pushing, pulling, carrying, moving, or holding things), walking, standing, lifting, bending, and working.

13.     Ms. Ennis's disability/handicap generally precludes her from being exposed to colder temperatures.  Working inside and otherwise avoiding colder temperatures allows Ms. Ennis to avoid exposure to conditions that will trigger her arthritis.

14.     Ms. Ennis was asked by an employee of GFI if she would consider working for GFI as a security guard.

15.     Ms. Ennis notified GFI that she would be willing to work ,but her arthritis prevented her for working in colder temperatures.

16.     GFI responded that Ms. Ennis's arthritis would not be an issue as GFI would not have her work in colder temperatures.

KIM VAUGHAN LERNER LLP

17.     Given that GFI would accommodate Ms. Ennis's condition, Ms. Ennis agreed to work at GFI as a security guard.  Accordingly, Ms. Ennis began working for GFI on or around February 10, 2019.

18.     For more than two years, Ms. Ennis worked for GFI without incident. Whenever the temperature became too cold, Ms. Ennis was able to work inside or be posted in an area where the temperature would be warmer.

19.     In June 2021, Ms. Ennis's assignment was changed to the VA Hospital in downtown Miami.  Thereafter, Ms. Ennis began reporting to Lakeisha Hemphill.

20.     On November 8, 2021, Ms. Ennis was working an overnight shift.

21.     Ms. Hemphill requested that Ms. Ennis work outside.

22.     Because the temperature had dropped into the low 60s, Ms. Ennis told Ms. Hemphill that her arthritis prevented her for working outside that particular night. Ms. Ennis further explained that she had told GFI about her arthritis previously, and GFI approved her request to not assign her to a location that would expose her to colder temperatures.

23.     Ms. Hemphill did not care.

24.     Rather than engage in the process to discuss accommodating Ms. Ennis's disability/handicap, Ms. Hemphill demanded that Ms. Ennis work outside or else Ms. Ennis would be fired.

25.     Because of her arthritis, Ms. Ennis could not work outside.

26.     Before starting the next shift, which was November 11, 2021, Ms. Ennis was notified that she was being fired.

27.     GFI's actions in firing Ms. Ennis are retaliatory.

28.     In the documentation purporting to justify Ms. Ennis's termination, GFI would indicate that it had previously issued Ms. Ennis "received a Letter of Reprimand for Insubordination) on June 3, 2021, which warned her that further acts of insubordination would result in termination.  Ms. Ennis did not receive any letter of reprimand or any such warning.

29.     In the documentation purporting to justify Ms. Ennis's termination, GFI would indicate Ms. Ennis was to be placed on a "90 Day Probation."  That never happened as GFI fired Ms. Ennis instead of continuing her employment under this purported "90 Day Probation."

30.     In the documentation purporting to justify Ms. Ennis's termination, GFI would indicate "[i]f there are future incidents [Ms. Ennis] will receive Suspension or Termination if this behavior continues."  That never happened as Ms. Ennis was fired.

31.     In the documentation purporting to justify Ms. Ennis's termination, GFI would indicate in two different places that Ms. Ennis had a "right to appeal" the action being taken against her.  That never happened as Ms. Ennis was not provided the documentation so as to know she had any right to appeal to the action being taken against her.

32.     Ms. Ennis has retained the undersigned law firm to represent Ms. Ennis in the litigation and has agreed to pay the firm a reasonable fee for its services.

### COUNT I:
### VIOLATION OF THE ADA

33.     Ms. Ennis restates and realleges paragraphs 1 through 32 as if fully set forth herein.

34.     Ms. Ennis was an employee with a disability as defined by the ADA.

35.     GFI was an employer as defined by the ADA.

36.     Ms. Ennis is disabled in that she has an impairment that substantially limits one or more major life activities, a record of such impairment, or is regarded by GFI as having such an impairment.

37.     Ms. Ennis suffers from arthritis.

38.     Ms. Ennis's impairment substantially limits, among other major life activities, performing manual tasks (for example, lifting, lowering, pushing, pulling, carrying, moving, or holding things), walking, standing, lifting, bending, and working.

39.     Even if not actually disabled, GFI regarded Ms. Ennis as disabled or had a record of such an impairment.  This is based in part on the fact that GFI previously deemed Ms. Ennis as disabled so as to provide an accommodation and then later terminated Ms. Ennis because of the accommodation needed for her disability.

40.     Ms. Ennis is a qualified individual with a disability in that she is an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that she held with GFI.

41.     GFI unlawfully discriminated against Ms. Ennis because of her disability. As stated above, GFI ignored, rejected, or dismissed Ms. Ennis's request for a reasonable accommodation and otherwise did not participate in the interactive process.  As stated above, GFI terminated Ms. Ennis's employment because of her disability.

42.     As a direct, natural, proximate, and foreseeable result of GFI's actions and inactions, Ms. Ennis has suffered past and future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

43.     The discrimination against Ms. Ennis, of which GFI's higher management was aware, participated in, and/or ratified, was in such reckless disregard of Ms. Ennis's

statutory rights against discrimination as to entitle Ms. Ennis to an award of punitive damages against GFI to punish it and to dissuade such conduct in the future.

44.     The discrimination that Ms. Ennis is suffering, in violation of her statutory right to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

45.     Ms. Ennis is entitled to be awarded attorneys' fees pursuant to the ADA.

WHEREFORE, Ms. Ennis prays that this Court will:   (a) issue a declaratory judgment that GFI's practices towards Ms. Ennis violate Ms. Ennis's rights against discrimination under the ADA; (b) enjoin GFI, its management employees, and/or its agents to cease discriminating against Ms. Ennis, to make her whole through an award of front pay as reinstatement is not practical given GFI terminated Ms. Ennis, among other reasons; (c) enter a judgment for Ms. Ennis and against GFI for damages, including back pay, other pecuniary losses, compensatory damages, and punitive damages; (d) grant Ms. Ennis her costs, interest, litigation expenses, and attorneys' fees; and (e) grant Ms. Ennis such other and further relief as the circumstances and law require and/or provide.

## COUNT II:
## VIOLATION OF THE FCRA

46.     Ms. Ennis restates and realleges paragraphs 1 through 32 as if fully set forth herein.

47.     Ms. Ennis was a person and an aggrieved person with a handicap as defined by the FCRA.

48.     GFI was an employer as defined by the FCRA.

49.     Ms. Ennis is handicapped in that she has an impairment that substantially limits one or more major life activities, a record of such impairment, or is regarded by GFI as having such an impairment.

50.     Ms. Ennis suffers from arthritis.

51.     Ms. Ennis's impairment substantially limits, among other major life activities, performing manual tasks (for example, lifting, lowering, pushing, pulling, carrying, moving, or holding things), walking, standing, lifting, bending, and working.

52.     Even if not actually handicapped, GFI regarded Ms. Ennis as handicapped or had a record of such an impairment.  This is based in part on the fact that GFI previously deemed Ms. Ennis as handicapped so as to provide an accommodation and then later terminated Ms. Ennis because of the accommodation needed for her handicap.

53.     Ms. Ennis is a qualified individual with a handicap in that she is an individual with a handicap who, with or without reasonable accommodation, can perform the essential functions of the employment position that she held with GFI.

54.     GFI unlawfully discriminated against Ms. Ennis because of her handicap.  As stated above, GFI ignored, rejected, or dismissed Ms. Ennis's request for a reasonable accommodation and otherwise did not participate in the interactive process.  As stated above, GFI terminated Ms. Ennis's employment because of her handicap.

55.     As a direct, natural, proximate, and foreseeable result of GFI's actions and inactions, Ms. Ennis has suffered past and future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

56.     The discrimination against Ms. Ennis, of which GFI's higher management was aware, participated in, and/or ratified, was in such reckless disregard of Ms. Ennis's

statutory rights against discrimination as to entitle Ms. Ennis to an award of punitive damages against GFI to punish it and to dissuade such conduct in the future.

57.     The discrimination that Ms. Ennis is suffering, in violation of her statutory right to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

58.     Ms. Ennis is entitled to be awarded attorneys' fees pursuant to the FCRA.

WHEREFORE, Ms. Ennis prays that this Court will:  (a) issue a declaratory judgment that GFI's practices towards Ms. Ennis violate Ms. Ennis's rights against discrimination under the FCRA; (b) enjoin GFI, its management employees, and/or its agents to cease discriminating against Ms. Ennis, to make her whole through an award of front pay as reinstatement is not practical given GFI terminated Ms. Ennis, among other reasons; (c) enter a judgment for Ms. Ennis and against GFI for damages, including back pay, other pecuniary losses, compensatory damages, and punitive damages; (d) grant Ms. Ennis her costs, interest, and attorneys' fees; and (e) grant Ms. Ennis such other and further relief as the circumstances and law require and/or provide.

## COUNT III:
## VIOLATION OF THE ADA (RETALIATION)

59.     Ms. Ennis restates and realleges paragraphs 1 through 32 as if fully set forth herein.

60.     Ms. Ennis was an employee as defined by the ADA.

61.     GFI was an employer as defined by the ADA.

62.     Ms. Ennis engaged in statutorily protected activity.  This included and was not limited to requesting an accommodation for her handicap and opposing the unlawful employment practices of GFI in refusing to accommodate her request.

63.     GFI took adverse actions against Ms. Ennis as detailed in paragraphs 26-31 above.

64.     The adverse actions were casually related to Ms. Ennis's protected activities.

65.     As a direct, natural, proximate, and foreseeable result of GFI's actions, Ms. Ennis has suffered past and future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

66.     The retaliation against Ms. Ennis, of which GFI's higher management was aware, participated in, and/or ratified, was in reckless disregard of Ms. Ennis's statutory rights against retaliation.

67.     The retaliation that Ms. Ennis is suffering, in violation of her statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

68.     Ms. Ennis is entitled to an award of her attorneys' fees pursuant to the ADA.

WHEREFORE, Ms. Ennis prays that this Court will:  (a) issue a declaratory judgment that GFI's practices towards Ms. Ennis violate Ms. Ennis's rights against retaliation under the ADA; (b) enjoin GFI, its management employees, and/or its agents to cease retaliating against Ms. Ennis, to make her whole through an award of front pay as reinstatement is not practical given GFI terminated Ms. Ennis, among other reasons; (c) enter a judgment for Ms. Ennis and against GFI for damages, including back pay, other pecuniary losses, compensatory damages, and punitive damages; (d) grant Ms. Ennis her costs, interest, and attorneys' fees; and (e) grant Ms. Ennis such other and further relief as the circumstances and law require and/or provide.

## COUNT IV:
## VIOLATION OF THE FCRA (RETALIATION)

69.     Ms. Ennis restates and realleges paragraphs 1 through 32 as if fully set forth herein.

70.     Ms. Ennis was a person and an aggrieved person as defined by the FCRA.

71.     GFI was an employer as defined by the FCRA.

72.     Ms. Ennis engaged in statutorily protected activity.  This included and was not limited to requesting an accommodation for her handicap and opposing the unlawful employment practices of GFI in refusing to accommodate her request.

73.     GFI took adverse actions against Ms. Ennis as detailed in paragraphs 26-31 above.

74.     The adverse actions were casually related to Ms. Ennis's protected activities.

75.     As a direct, natural, proximate, and foreseeable result of GFI's actions, Ms. Ennis has suffered past and future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

76.     The retaliation against Ms. Ennis, of which GFI's higher management was aware, participated in, and/or ratified, was in reckless disregard of Ms. Ennis's statutory rights against retaliation.

77.     The retaliation that Ms. Ennis is suffering, in violation of her statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

78.     Ms. Ennis is entitled to an award of her attorneys' fees pursuant to the FCRA.

WHEREFORE, Ms. Ennis prays that this Court will:  (a) issue a declaratory judgment that GFI's practices towards Ms. Ennis violate Ms. Ennis's rights against

retaliation under the FCRA; (b) enjoin GFI, its management employees, and/or its agents to cease retaliating against Ms. Ennis, to make her whole through an award of front pay as reinstatement is not practical given GFI terminated Ms. Ennis, among other reasons; (c) enter a judgment for Ms. Ennis and against GFI for damages, including back pay, other pecuniary losses, compensatory damages, and punitive damages; (d) grant Ms. Ennis her costs, interest, and attorneys' fees; and (e) grant Ms. Ennis such other and further relief as the circumstances and law require and/or provide.

## DEMAND FOR TRIAL BY JURY

79.    Ms. Ennis demands a jury trial for all issues so triable.

Dated:  November 4, 2022                          Respectfully submitted,

By: */s/Brian L. Lerner*
Brian L. Lerner (Fla. Bar No. 177202)
blerner@kvllaw.com
Kim Vaughan Lerner LLP
312 SE 17th Street, Suite 300
Fort Lauderdale, Florida 33316
Telephone:        (954) 527-1115
Facsimile:(954) 527-1116
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record on the Service List below.

By: */s/Brian L. Lerner*

## SERVICE LIST

Brian L. Lerner
blerner@kvllaw.com
Kim Vaughan Lerner LLP
312 SE 17th Street, Suite 300
Fort Lauderdale, Florida 33316
Telephone:   (954) 527-1115
Facsimile:    (954) 527-1116
Attorneys for Plaintiff

Via Transmission of Notices of
Electronic Filing Generated by CM/ECF

Guard Force International, Inc.
c/o Kelvin L. Edwards (as registered agent)
3741 NW 202 Street
Miami Gardens, Florida 33055

Via Service of Process